UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TONYA CAMPBELL, on behalf of herself
and all others similarly situated,

Plaintiff,

v.

CAPITAL CENTER LLC (d/b/a CapCenter),

Defendant.

CIVIL ACTION NO.  **3:20-cv-00694-JAG**

## COMPLAINT

Plaintiff Tonya Campbell, individually and on behalf of all others similarly situated,

respectfully moves for judgment against Capital Center LLC ("CapCenter" or "Defendant").

## I.   SUMMARY OF ACTION

1.      This Complaint seeks relief for claims for unpaid overtime in violation of the Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") arising out work

that Plaintiff, and others similarly situated, performed as employees of Defendant.

2.      Plaintiff contends that Defendant has violated and continues to violate the FLSA

by having a policy or practice of not including the bonuses, commissions, and other eligible

remuneration earned by Plaintiff and other similarly situated employees in calculating their

overtime pay rates. This resulted and results in Plaintiff and all similarly situated employees

receiving less overtime wages than they are entitled to receive under the FLSA.

1

3.      Defendant's policies and/or practices comprising the alleged FLSA violations are ongoing. Plaintiff seeks damages for herself and all others similarly situated to the full extent allowed by law for the time period running from the date three years prior to the filing of this action to the latest date the Court allows new plaintiffs to join the case.

4.      Plaintiff, on behalf of herself and all similarly situated employees, seeks unpaid overtime wages, liquidated damages, pre and post judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendant's FLSA violations.

## II.    JURISDICTION AND VENUE

5.      This Court has jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331, as well as 29 U.S.C. § 216(b) and (c) in that the Plaintiff may bring this action in any appropriate United States District Court.

6.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Civil Rule 3(C) since the acts and omissions giving rise to this lawsuit have taken place in this division in the Eastern District of Virginia and because Defendant's principal place of business is located in the Richmond Division.

7.      Defendant is subject to personal jurisdiction in the Commonwealth of Virginia. Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

## III.   PARTIES

8.      Plaintiff Tonya Campbell is a resident of Amelia County, Virginia. From approximately July 3, 2019 to June 12, 2020, Plaintiff worked for Defendant as a mortgage loan

officer, also referred to as a "Client Advisor" and other names at times. Plaintiff was an "employee" as defined in the FLSA.

9.      Defendant Capital Center LLC is a Virginia corporation with its principal place of business in Glen Allen, Virginia.  Defendant does business as "CapCenter." Its corporate headquarters are located at 4510 Cox Road, Suite 402, Glen Allen, VA 23060. Defendant meets the definition of "employer" as defined in the FLSA.

10.      At all times relevant, Defendant exercised control over the terms and conditions of the employment of Plaintiff and other similarly situated workers.

11.      Plaintiff is informed, believes, and thereon alleges that Defendant's gross annual sales made or business done is $500,000.00 or greater. Defendant operates in interstate commerce by, among other things, buying and/or selling goods and transacting business in multiple states, and/or by having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce in multiple states.

## IV.    FACTUAL ALLEGATIONS

12.      Defendant CapCenter is in the business of selling mortgage loans, realty, and related products to consumers.

13.      Defendant maintains offices in Glen Allen, Virginia, Virginia Beach, Virginia, and Raleigh-Durham, North Carolina.

14.      Defendant employs salespeople who sell its products from inside Defendant's offices.

15.      Defendant's salespeople may have different titles, depending on when and how they become involved in the sales process, date of hire, recruiting purposes, branding purposes,

and possibly other factors. The titles given to Defendant's salespeople include but are not limited to loan officers, loan originators, loan consultants, loan analysts, closers, closing associates, client advisors, inside sales reps, sales consultants, client relations specialists, and others.

16.     Regardless of titles, Defendant's salespeople are non-exempt employees entitled to overtime compensation under the FLSA when they work more than 40 hours in a week.

17.     Under the FLSA, Defendant's salespeople are entitled to overtime compensation at a rate equal to 1.5 times their regular rate of pay for hours worked above 40 in a week.

18.     Defendant's salespeople are generally compensated pursuant to employment agreements and/or compensation plans that provide for a base rate plus bonuses, commissions, and/or other remuneration. The bonuses and commissions are generally calculated using formulas that relate to sales and/or other kinds of productivity.

19.     When Defendant calculates the overtime compensation it pays to its salespeople, Defendant uses an overtime rate that reflects only the salespeople's base rates.

20.     When Defendant calculates the overtime compensation it pays to its salespeople, Defendant does not include the salespeople's bonuses, commissions, or other remuneration besides their base rates in calculating these employees' overtime rates of pay.

21.     By not including bonuses, commissions, and/or other eligible remuneration in calculating the employees' overtime rates of pay, Defendant fails to pay the employees the full overtime wages they are entitled to receive under the FLSA.

22.     From approximately July 3, 2019 to June 12, 2020, Plaintiff worked for Defendant as a loan officer.

4

23.     As a loan officer, Plaintiff's job duties involved selling mortgage loan, realty, and/or related products to Defendant's customers from inside Defendant's office.

24.     Defendant paid Plaintiff a base rate plus bonuses and commissions.

25.     For the first few months of her employment, Defendant paid Plaintiff a base rate of approximately $23.08 per hour. Later, Plaintiff's base rate was changed to approximately $21.15 per hour.

26.     Plaintiff also received bonuses and commissions based on the sales she made each week. These payments were made to her on a monthly basis, and generally ranged from about $1,080 to $3,300 per month.

27.     Plaintiff worked more than 40 hours in some weeks.

28.     When Defendant calculated Plaintiff's overtime rate of pay, it used a regular rate of pay that reflected only Plaintiff's base rate. Therefore, when Defendant calculated Plaintiff's overtime compensation, it used an overtime rate of pay that reflected only Plaintiff's base rate.

29.     When Defendant calculated similarly situated employees' overtime rates of pay, it used regular rates of pay that reflected only the employees' base rates. Therefore, when Defendant calculated similarly situated employee's overtime compensation, it used overtime rates of pay that reflected only the employees' base rates.

30.     When Defendant calculated Plaintiff's overtime compensation, it did not include Plaintiff's bonuses, commissions, and/or other eligible remuneration in calculating her overtime rate of pay.

31.     When Defendant calculated similarly situated employees' overtime compensation, it did not include their bonuses, commissions, and/or other eligible remuneration in calculating their overtime rates of pay.

32.     By not including bonuses, commissions, and/or other eligible remuneration in calculating Plaintiff's and similarly situated employees' overtime rates of pay, Defendant failed to pay or withheld from Plaintiff and similarly situated employees the overtime compensation they were entitled to receive under the FLSA.

33.     Upon information and belief, Defendant omitted bonuses, commissions, and/or other remuneration from its overtime rate calculations with the intent to lower costs by paying its employees less than the full overtime wages guaranteed by the FLSA.

34.     Defendant knew Plaintiff and similarly situated employees worked overtime hours without getting paid the full overtime premiums required by the FLSA.

35.     Plaintiff and the similarly situated employees were not employed in any bona fide executive, administrative, or professional capacity. Nor did they qualify for the outside sales exemption.

36.     Based on the nature of the job duties of Plaintiff and all similarly situated employees, there is no FLSA exemption that applies to preclude them from being paid the full overtime rate at one and one-half times their regular rate of pay, including bonuses and commissions, for all hours worked in excess of 40 per week.

37.     Defendant willfully violated the FLSA by knowingly failing to pay its employees the full overtime rate.

6

38.     At all relevant times Defendant knowingly failed to pay wages to Plaintiff and similarly situated employees in accordance with the FLSA.

39.     At all relevant times Defendant intended to deprive Plaintiff and similarly situated employees of the overtime wages to which they were entitled, or acted with reckless disregard for the rights of Plaintiff and similarly situated employees

A.     **Representative Action Allegations for FLSA Claims**

40.     Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as a Representative Plaintiff.

41.     Plaintiff brings her FLSA claims on behalf of herself and all past and present employees of Defendant who, within the date three years prior to the filing of this suit to the latest date the Court allows plaintiffs to join this case, were paid compensation that included bonuses, commissions, or other overtime-rate-eligible remuneration, who worked more than 40 hours in one or more weeks, and were not paid an overtime rate that included their bonuses and commissions or other remuneration properly included in calculating overtime pay under the FLSA.

42.     In short, the proposed collective or class consists of all employees of Defendant who receive or have received overtime pay and whose overtime rates did not include all bonuses, commissions, and other remuneration required to be included in calculating their overtime rates.

43.     Plaintiff is aware of other employees who are similarly situated.

44.     Plaintiff estimates that there may be 40-50 similarly situated employees who fit the above definition who were deprived of overtime pay because Defendant failed to include their bonuses, commissions, or other eligible remuneration in calculating their overtime rates.

7

45.     Plaintiff believes and thereon alleges that within the past three years Plaintiff and similarly situated employees were subject to a common plan or policy of Defendant to avoid paying overtime wages by not including bonuses, commissions, and/or other eligible remuneration in calculating overtime rates.

46.     Upon information and belief, Plaintiff and similarly situated employees were paid under a similar pay scheme which deprived them of full overtime pay.

47.     Upon information and belief, these employees perform work which entitles them to payment of overtime compensation that they have not fully received, due to Defendant's failure to include all required remuneration in calculating their overtime rates of pay.

48.     Upon information and belief, Defendant compensated, and continues to compensate, those similarly situated to Plaintiff on a uniform compensation basis.

49.     Defendant's policy of omitting bonuses, commissions, and other eligible remuneration from the overtime rate calculation to avoid paying full overtime wages amounted to a willful or reckless disregard of its employees' rights under the FLSA.

50.     Defendant had no good faith basis to believe that these employees were not entitled to overtime at the full rate required by the FLSA.

51.     Plaintiff asserts that Defendants' willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

52.     Plaintiff's job duties, and the job duties of those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

53.     At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

**B.      Notice of Filing of Consent to Become a Party Plaintiff.**

54.     Plaintiff hereby files her Written Consent to Become Party to Collective Action Under 29 U.S.C. § 216. Plaintiff's Written Consent Form is attached as Exhibit 1.

**V.      Claims**

**Count I: Violations of the FLSA**
**(Overtime Violations)**

55.     Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

56.     At all times relevant herein, Defendant has been, and continues to be, an "employer," and Plaintiff and each similarly situated employee has been, or continues to be, an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

57.     The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiff and all similarly situated employees are entitled to overtime compensation at one and one-half times their regular rates of pay for work performed in excess of forty hours per week.

58.     The FLSA requires that the "regular rate" used to calculate the overtime rate shall be deemed to include "all remuneration for employment paid to, or on behalf of, the employee[,]" except for specified excluded types of remuneration that do not apply here. 29 U.S.C. § 207(e).

59.     By failing to include bonuses, commissions, and all other eligible remuneration in

9

calculating the regular rates and overtime rates paid to Plaintiff and similarly situated employees, Defendant has violated, and continues to violate the FLSA. Through this practice, Defendant paid and continues to pay these employees less overtime wages than it is required to pay under the FLSA.

60.     By failing to compensate Plaintiff and similarly situated employees with the full overtime wages for their overtime hours worked, Defendant has violated, and continues to violate the FLSA.

61.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62.     Plaintiff seeks damages for herself and all others similarly situated in the amount of unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

### Relief Requested

Wherefore, Plaintiff requests the following Relief against Defendant:

A.     An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

B.     Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the FLSA;

10

C.   Judgment against Defendant for violations of the overtime and/or

minimum wage provisions of the FLSA;

D.   Judgment that Defendant's violations as described above were willful;

E.   Money damages for all unpaid overtime compensation;

F.   Liquidated damages in an amount equal to all unpaid overtime owed to

Plaintiff and similarly situated employees;

G.   Pre-judgment and post-judgment interest;

H.   Reasonable attorneys' fees and costs including expert fees expended in the

prosecution of this case and the investigation that preceded it;

I.   Leave to amend to bring additional claims and/or parties, including but not

limited to additional claims for retaliation and/or unpaid overtime or

minimum wages under the FLSA or other applicable law; and

J.   Any and all further relief permissible by law.

## **<u>Demand for Jury Trial</u>**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a TRIAL BY

JURY for all claims and issues so triable.

Dated: September 2, 2020

Respectfully submitted,

**TONYA CAMPBELL,**
**on behalf of herself and all others similarly**
**situated**
By Counsel

/s/Timothy Coffield
Timothy Coffield (VSB No. 83430)
COFFIELD PLC

11

106-F Melbourne Park Circle
Charlottesville, VA 22901
P: (434) 218-3133 F: (434) 321-1636
tc@coffieldlaw.com

and

/s/ Craig Juraj Curwood
Craig Juraj Curwood (VSB No. 43975)
Curwood Law Firm, PLC
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
ccurwood@curwoodlaw.com

Counsel for Plaintiff

## CERTIFICATE

I HEREBY CERTIFY that a true and correct copy of the foregoing Complaint will be delivered to a qualified process server with instructions to serve the same upon the Defendant or its authorized agents at the following addresses, or any other addresses where Defendant may be found:

CAPITAL CENTER LLC (d/b/a CapCenter)
SERVE:   Gary T. Piacentini, Registered Agent
            4510 Cox Rd.
            Ste 302
            Glen Allen, VA 23060 - 0000, USA

/s/Timothy Coffield
Counsel for Plaintiff